Jennifer B. Anderson, State Bar No. 015605
Daniel J. Adelman, State Bar No. 011368
ARIZONA CENTER FOR LAW
 IN THE PUBLIC INTEREST
514 W. Roosevelt Street
Phoenix, AZ 85003
janderson@aclpi.org
danny@aclpi.org
Telephone: (602) 258-8850

*Attorneys for Plaintiff Sierra Club*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SIERRA CLUB, | Case No: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| ANDREW R. WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency, | (Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*) |
| Defendant. | |

**INTRODUCTION**

1. Plaintiff Sierra Club brings this Clean Air Act ("CAA" or "Act") citizen suit against Defendant Andrew Wheeler for his failure to perform nondiscretionary duties under the Act.

2. Wheeler, in his capacity as Administrator of the United States Environmental Protection Agency ("EPA" or "the Agency"), failed to meet his statutory deadline for taking final action on an Arizona state implementation plan ("SIP") submittal for the West Pinal County $PM_{10}$ Nonattainment Area ("West Pinal NAA"). The West Pinal County $PM_{10}$ Nonattainment Area Plan ("West Pinal Plan") was submitted by the Arizona Department of Environmental Quality ("ADEQ") in December of 2015. It purported to address dangerously high levels of pollution from airborne

1  particles with a diameter of 10 micrometers or smaller ("$PM_{10}$") that have been recorded
2  in West Pinal County, Arizona for nearly two decades.
3      3.   In addition, the Administrator failed to meet his statutory deadline for
4  determining whether the West Pinal NAA attained the National Ambient Air Quality
5  Standard ("NAAQS") for $PM_{10}$ by the applicable attainment date.
6      4.   $PM_{10}$ pollution poses a serious threat to human health. These tiny particles
7  can get trapped in the lungs and cause lung tissue damage, leading to chronic respiratory
8  disease, cancer, and even premature death. 52 Fed. Reg. 24634, 24639, 24644 (July 1,
9  1987). Children, the elderly, and people with chronic lung disease, influenza, or asthma
10 are particularly vulnerable to the effects of $PM_{10}$. [U.S. EPA Fact Sheet—West Pinal
11 County, Arizona Redesignation to Nonattainment for the 1987 24-hour PM10 National
12 Ambient Air Quality Standard (May 22, 2012) ("Fact Sheet") at 1, attached to Notice of
13 Intent to Sue Letter (Feb. 4, 2020), Ex. 1 hereto.]
14     5.   The Administrator's continuous failure to perform his nondiscretionary
15 duties under the Act poses a significant health risk to Pinal County residents, including
16 Plaintiff's members. For the reasons below, the Court should grant declaratory and
17 injunctive relief and award Plaintiff its attorneys' fees and costs.
18                **JURISDICTION, NOTICE, AND VENUE**
19     6.   This action seeks to compel the Administrator to perform nondiscretionary
20 duties under the Act. *See* 42 U.S.C. §§ 7410(k)(2) (requiring Administrator to take final
21 action on plan submission within 12 months of completeness determination), 7509(c)
22 (requiring Administrator to determine whether nonattainment area attained standard
23 within six months of applicable attainment date), 7513(b)(2) (requiring Administrator to
24 determine whether $PM_{10}$ nonattainment area attained standard by applicable attainment
25 date). This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1361 and 42
26 U.S.C. § 7604(a). The Court may grant declaratory and injunctive relief pursuant to 42
27 U.S.C. § 7604(a)(2) and 28 U.S.C. §§ 1361, 2201(a), & 2202.
28

2

1    7.    Plaintiff sent the Administrator written notice of its intent to sue by certified mail, return receipt requested, as required by 42 U.S.C. § 7604(b)(2) and 40 CFR Part 54. [Ex. 1.] The Administrator received the notice letter on or before February 10, 2020. More than 60 days have since passed but the Administrator has not remedied the violations alleged in this Complaint. *See* 42 U.S.C. § 7604(b)(2) (plaintiff may file suit 60 days after giving notice to Administrator).

8.    Venue is proper in this district under 28 U.S.C. § 1391(e) because it is where a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

9.    Plaintiff **Sierra Club**, a non-profit corporation, is the oldest and largest grassroots environmental organization in the United States. It is incorporated under the laws of the State of California with its headquarters in Oakland, California. Sierra Club has local chapters throughout the U.S., including the Grand Canyon Chapter in Arizona. Its mission is to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives.

10.    Sierra Club has members living, working, and engaging in outdoor recreation in the West Pinal NAA.

11.    Defendant **Andrew Wheeler** is the Administrator of EPA. In that role, he has been charged by Congress with the duty to uphold and administer the Clean Air Act, including the nondiscretionary duties at issue in this case.

## FACTUAL BACKGROUND: $PM_{10}$ Pollution

12.    Particulate matter refers to a broad class of chemically and physically diverse substances that exist as discrete particles (either liquid droplets or solids). 52 Fed. Reg. at 24635. The size of the particulate matter directly correlates to potential health problems, since smaller particles can penetrate the furthest into the respiratory tract and reach the deepest portion of the lung. 52 Fed. Reg. at 24639.

13. The Act requires EPA to set NAAQS for certain ambient air pollutants at levels required to protect public health and welfare. *See* 42 U.S.C. § 7409. On July 1, 1987, EPA revised the NAAQS for particulate matter, replacing standards for "total suspended particulates" with new standards for $PM_{10}$. 52 Fed. Reg. 24634.

14. $PM_{10}$ is particularly hazardous to human health. 52 Fed. Reg. at 24639; [Fact Sheet at 1, Ex. 1.] When $PM_{10}$ gets trapped in the lungs, it can cause lung tissue damage leading to chronic respiratory disease, cancer, and even premature death. 52 Fed. Reg. at 24644. Children, the elderly, and people with chronic lung disease, influenza, or asthma are particularly vulnerable to the effects of $PM_{10}$ pollution. [Fact Sheet at 1, Ex. 1.]

15. In 1987, EPA set the NAAQS for $PM_{10}$ at 150 micrograms per cubic meter, with the concentration averaged over a 24-hour period. 40 C.F.R. § 50.6(a).[1] In order to attain the NAAQS for 24-hour $PM_{10}$, each air quality monitoring site must not measure levels of $PM_{10}$ greater than 150 micrograms per cubic meter more than once per year on average over a consecutive three-year period. 40 C.F.R. § 50.6(a) & 40 C.F.R. Pt. 50, App. K § 2.1; 75 Fed. Reg. 60680, 60681 (Proposed Oct. 1, 2010).

**FACTUAL BACKGROUND:**
**Administrator's Failure to Take Final Action on SIP Revision and Failure to Make Attainment Determination**

16. Most of Pinal County, including the West Pinal NAA, was designated "unclassifiable" for $PM_{10}$ by operation of law upon enactment of the 1990 amendments to the Act. 75 Fed. Reg. 60680; *see* 42 U.S.C § 7407(d)(4)(B)(iii).

17. The Act grants EPA the authority to change the designation of, or "redesignate," areas (or portions thereof) based on air quality data, planning and control considerations, or any other air quality-related considerations. 42 U.S.C. § 7407(d)(3). In 2009, EPA notified the Governor of Arizona that air quality monitoring data in portions

---

[1] The 1987 $PM_{10}$ standard also included an annual standard of 50 micrograms per cubic meter but EPA revoked the annual standard in 2006. *See* 71 Fed. Reg. 61144 (Oct. 17, 2006).

4

1  of West Pinal County from 2006 to 2008 was in violation of the $PM_{10}$ NAAQS. EPA
2  then began the redesignation process.
3      18.   On May 31, 2012, EPA formally redesignated West Pinal County from
4  "unclassifiable" to "nonattainment" for the $PM_{10}$ NAAQS. 77 Fed. Reg. 32024 (May 31,
5  2012).
6      19.   Pinal County is the third-most populous county in Arizona. The West Pinal
7  NAA includes the cities of Casa Grande, Coolidge, Eloy, and Maricopa, as well as the
8  Town of Florence, which is the Pinal County seat. [Fact Sheet at 4, Ex. 1.]
9      20.   EPA stated that its decision to redesignate West Pinal County to
10 nonattainment was based on data from air quality monitoring stations in the area that
11 showed "widespread, frequent, and in some instances, severe, violations of the $PM_{10}$
12 standard." 77 Fed. Reg. at 32025. Indeed, $PM_{10}$ levels in the West Pinal NAA are among
13 the worst in the nation. [Fact Sheet at 1, Ex. 1.] For example, a monitoring station east of
14 Casa Grande predicted over fourteen $PM_{10}$ exceedances per year for the years 2009
15 through 2011. [Fact Sheet at 1, Ex. 1.] Again, more than one exceedance per year
16 violates the NAAQS.
17     21.   Monitoring stations routinely recorded concentrations of two to three times
18 the level of the standard, with several monitors approaching or exceeding 600
19 micrograms per cubic meter. In 2011, the Maricopa monitor measured 2,318 micrograms
20 per cubic meter—15 times more than the health-based standard of 150 micrograms per
21 cubic meter. The Casa Grande monitor measured 2,040 micrograms per cubic meter.
22 [Fact Sheet at 1, Ex. 1.]
23     22.   More recent monitoring data for the three-year period from 2016 to 2018
24 shows the $PM_{10}$ pollution problem in the West Pinal NAA has not improved. 85 Fed.
25 Reg. 19408, 19410 (Proposed April 7, 2020); EPA 2018 $PM_{10}$ Design Value Report,
26 *available at* https://www.epa.gov/air-trends/air-quality-design-values.
27     23.   ADEQ submitted a revision to the Arizona SIP on December 20, 2013 to
28 meet statutory obligations for $PM_{10}$ nonattainment areas. This revision did not contain all

5

1  of the required elements for the nonattainment area SIP, and ADEQ withdrew the plan
2  from consideration on February 18, 2014. ADEQ finally submitted the West Pinal Plan
3  on December 21, 2015.

4      24.    Under the Act, EPA (through the Administrator) must determine whether a
5  nonattainment area plan satisfies the minimum "completeness" criteria within 60 days
6  after the plan is submitted. 42 U.S.C. § 7401(k)(1)(A)-(B). If the Administrator has not
7  determined the completeness or incompleteness of a plan within six months of submittal,
8  the plan is deemed to be administratively complete by operation of law on that date. 42
9  U.S.C. § 7401(k)(1)(B). The West Pinal Plan was deemed administratively "complete"
10 on June 21, 2016 due to the lack of timely determination by EPA.

11     25.    The Act requires the Administrator to take final action on an
12 administratively complete plan by approving it in full, disapproving it in full, or
13 approving it in part and disapproving it in part within 12 months of the completeness
14 determination. 42 U.S.C. § 7410(k)(2). Thus, the Administrator was required to take
15 final action on the West Pinal Plan by June 21, 2017. He failed to perform this duty
16 however.

17     26.    The Act also requires the Administrator to determine whether a
18 nonattainment area attained the NAAQS by the applicable attainment date and, if the
19 area fails to attain, to take certain steps to remedy it. The applicable attainment date for
20 the West Pinal NAA was December 31, 2018, which is "no later than the end of the sixth
21 calendar year after the area's designation as nonattainment." *See* 42 U.S.C. § 7513(c)(1).
22 The Administrator had six months from the attainment date (or until June 30, 2019) to
23 determine whether the West Pinal NAA actually attained the standard and, if it failed to
24 attain, to publish notice in the Federal Register. 42 U.S.C. §§ 7509(c), 7513(b)(2).

25     27.    On April 7, 2020 (nearly 60 days after Plaintiff sent the Administrator
26 notice of its intent to sue), the Administrator published a notice in the Federal Register
27 proposing to determine that the West Pinal NAA failed to attain the $PM_{10}$ NAAQS by
28

the attainment date. 85 Fed. Reg. 19408 (Proposed Apr. 7, 2020). However, that determination is not yet final.

## PLAINTIFF'S INJURIES

28. Plaintiff's members include people who live, work, travel, and engage in recreational activities in the West Pinal NAA.

29. The acts and omissions of the Administrator alleged here harm Plaintiff's members by prolonging poor air quality conditions that adversely affect or threaten their health, and by nullifying or delaying measures and procedures mandated by the Act to protect their health from $PM_{10}$ pollution in places where they live, work, travel, and recreate. $PM_{10}$ levels that exceed the NAAQS can exacerbate Plaintiff's members' respiratory health problems and force them to limit outdoor activities they would otherwise be able to enjoy.

30. The acts and omissions of the Administrator alleged here also harm Plaintiff's members because their reasonable concerns about the health effects of their $PM_{10}$ exposure diminish their enjoyment of activities they previously enjoyed and would like to continue to engage in, and of areas they previously enjoyed and would like to continue to use.

31. Even Plaintiff's members in other areas that are downwind of the West Pinal NAA are injured by the Administrator's failure to perform his nondiscretionary duties. By delaying enhanced controls on $PM_{10}$ pollution in the West Pinal NAA, the Administrator prolongs and exacerbates $PM_{10}$ levels downwind that harm Plaintiff's members in those areas.

32. The acts and omissions of the Administrator alleged here further deprive Plaintiff and its members of procedural rights and protections to which they would otherwise be entitled, including but not limited to, the right to participate in proceedings to determine whether their communities (or upwind communities) meet the $PM_{10}$ NAAQS or must increase protections against $PM_{10}$ pollution, the right to judicially challenge final attainment determinations adversely affecting their members, the right to

7

1  enforce requirements of the Act for preparation and implementation of a SIP to remedy
2  and prevent violations of the $PM_{10}$ NAAQS, and the right to comment on and judicially
3  challenge such plans.

4    33. The Administrator's acts and omissions alleged here further injure Plaintiff
5  and its members by depriving them of information to which they are entitled by law,
6  including but not limited to the Administrator's published identification of the West
7  Pinal NAA's attainment status. If Plaintiff had access to such information, it could use it
8  to, among other things, educate its members and the public about $PM_{10}$ pollution in the
9  West Pinal NAA and advocate for the adoption of adequate measures to bring it into
10 compliance with the $PM_{10}$ NAAQS. Such information would also assist Plaintiff's
11 members in determining whether they are exposed to $PM_{10}$ levels that violate the health
12 standard and to better protect themselves and their families from $PM_{10}$ pollution. The
13 acts and omissions complained of here deprive Plaintiff and its members of the benefits
14 of this information and thus cause them injury.

15   34. The Administrator's acts and omissions also hamper Plaintiff's ability to
16 perform certain programmatic functions essential to its mission, such as (1) ensuring that
17 the State of Arizona puts in place the public health and environmental protections that
18 accompany more stringent nonattainment classifications and (2) educating the public
19 about these protections.

20   35. Accordingly, the health, recreational, aesthetic, procedural, informational,
21 and organizational interests of Plaintiff and its members have been and continue to be
22 adversely affected by the acts and omissions of the Administrator alleged here.

23   36. A court order requiring the Administrator to take final action on the West
24 Pinal Plan, to make a final determination whether the West Pinal NAA met the $PM_{10}$
25 NAAQS by the applicable attainment date, and to publish both in the Federal Register,
26 as the law requires would redress the injuries of Plaintiff and its members.

27
28

# CLAIMS FOR RELIF

### (Claim One—Violation of the Clean Air Act by failing to take final action on SIP submittal by deadline)

37. Plaintiff incorporates by reference all paragraphs listed above.

38. The Administrator's deadline for taking final action on the West Pinal Plan was June 21, 2017.

39. The Administrator failed to meet this deadline and, to date, has not taken any final action on the West Pinal Plan.

40. Accordingly, the Administrator has failed to perform his mandatory duty under 42 U.S.C. § 7410(k)(2) to take final action on a SIP submittal within 12 months of it being administratively complete. This constitutes "a failure of the Administrator to perform any act or duty under this chapter which is not discretionary" within the meaning of the Clean Air Act, 42 U.S.C. § 7604(a)(2), and thus is a violation of the Act. The Administrator's violations are ongoing.

### (Claim Two—Violation of the Clean Air Act by failing to determine whether nonattainment area met $PM_{10}$ NAAQS by applicable attainment date)

41. Plaintiff incorporates by reference all paragraphs listed above.

42. The applicable attainment date for the West Pinal NAA was December 31, 2018. The Administrator had six months from that date to determine whether the area actually attained the $PM_{10}$ NAAQS and, if it did not, to publish his final determination in the Federal Register.

43. The Administrator failed to meet this deadline and, although he has now proposed to determine the West Pinal NAA failed to meet the $PM_{10}$ NAAQS by the attainment date, he has not yet published a final determination.

44. Accordingly, the Administrator has failed to perform his mandatory duty under 42 U.S.C. §§ 7509(c) & 7513(b)(2) to make a final attainment determination for the West Pinal NAA. This constitutes "a failure of the Administrator to perform any act or duty under this chapter which is not discretionary" within the meaning of the Clean

9

Air Act, 42 U.S.C. § 7604(a)(2), and thus is a violation of the Act. The Administrator's violations are ongoing.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

(1) Declare that the Administrator is in violation of the Clean Air Act with regard to his failure to perform the nondiscretionary duties listed above;

(2) Issue an injunction requiring the Administrator to perform his nondiscretionary duties by certain dates;

(3) Retain jurisdiction to ensure compliance with the Court's decree;

(4) Award Plaintiff the costs of this action, including attorneys' fees pursuant to 42 U.S.C. § 7604(d); and,

(5) Grant such other relief as the Court deems just and proper.

DATED this 13th day of April, 2020.

ARIZONA CENTER FOR LAW
 IN THE PUBLIC INTEREST


 /s/ Jennifer B. Anderson
Jennifer B. Anderson
Daniel J. Adelman
514 W. Roosevelt Street
Phoenix, AZ 85003

*Attorneys for Plaintiff Sierra Club*