# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sierra Club, | No. CV-20-00725-PHX-SMB |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| Andrew R Wheeler, | |
| Defendant. | |

WHEREAS, on April 14, 2020, the Sierra Club ("Plaintiff") filed the above-captioned matter against Andrew R. Wheeler, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA"); [1]

WHEREAS, Plaintiff alleges that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failures are actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, on May 31, 2012, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), EPA designated West Pinal County in Arizona as nonattainment for the $PM_{10}$ National Ambient Air Quality Standards ("NAAQS"), effective July 2, 2012. *Final Rule*, 77 Fed. Reg. 32024 (May 31, 2012) (codified at 40 C.F.R. § 81.303) (hereinafter, the "West Pinal nonattainment area");

WHEREAS, in Claim 2, Plaintiff alleges that EPA failed to determine if the West

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Administrator Nishida was automatically substituted as a party when Andrew Wheeler ceased to hold office.

Pinal nonattainment area attained the 24-hour $PM_{10}$ NAAQS by the attainment date of December 31, 2018, within six months, by June 30, 2019. Compl. ¶¶ 41-44;

WHEREAS, on June 24, 2020, EPA finalized its determination that the West Pinal nonattainment area failed to attain the $PM_{10}$ NAAQS by December 31, 2018, the statutory attainment date for the area. *Final Rule*, 85 Fed. Reg. 37,756, (June 24, 2020). Claim 2 is therefore moot;

WHEREAS, pursuant to CAA section 110(a), states must have a state implementation plan ("SIP") that includes "a plan which provides for implementation, maintenance, and enforcement of such primary standard in each air quality control region (or portion thereof) within such State." 42 U.S.C. § 7410(a)(1);

WHEREAS, pursuant to CAA section 189(a), a state must submit to EPA a nonattainment plan SIP submission meeting applicable requirements for an area designated nonattainment and classified as Moderate for the $PM_{10}$ NAAQS. 42 U.S.C. § 7513(a);

WHEREAS, on December 21, 2015, the Arizona Department of Environmental Quality ("ADEQ") submitted a SIP submission to EPA intended to meet the applicable Moderate nonattainment area plan requirements for the West Pinal nonattainment area;

WHEREAS, within 60 days of a state's submission of a SIP submission, EPA must determine if the plan satisfies minimum "completeness" criteria under the statute. 42 U.S.C. § 7410(k)(1)(A)-(B). If EPA does not take action to determine the administrative completeness of the SIP submission within six months of submission, then the plan is deemed complete by operation of law. 42 U.S.C. § 7410(k)(1)(B).

WHEREAS EPA determined that part of the ADEQ SIP submission was complete on March 21, 2016, and approved that portion of the submission on May 1, 2017. 82 Fed. Reg. 20267.

WHEREAS EPA did not make an affirmative finding of completeness on the remainder of Arizona's SIP submission for the West Pinal nonattainment area, and thus the remainder of the plan was administratively complete by operation of law on June, 21, 2016;

WHEREAS, pursuant to the statute, EPA must approve, disapprove, conditionally

approve, or approve in part and disapprove in part, a state's SIP submission within 12 months of the date when it was determined to be complete. 42 U.S.C. § 7410(k)(2);

WHEREAS, in Claim 1, Plaintiff alleges that EPA had a mandatory duty to approve, disapprove, conditionally approve, or approve in part and disapprove in part, Arizona's nonattainment plan SIP submission for the West Pinal nonattainment area for the $PM_{10}$ NAAQS by June 21, 2017, 12 months from when the plan was deemed administratively complete by operation of law. Compl. ¶¶ 37-40. Plaintiff alleges that the EPA failed to meet this deadline. *Id.* at ¶ 39;

WHEREAS EPA published a final rule approving part of the SIP submission on May 1, 2017 (82 Fed. Reg. 20267), this portion of Claim 1 is now moot.

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date by which EPA must take action pursuant to CAA section 110(k) on Arizona's SIP revision for the West Pinal nonattainment area;

WHEREAS, Plaintiff and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiff and EPA, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiff and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiff, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiff and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(e); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW, THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiff and EPA,

**IT IS HEREBY ORDERED, ADJUGED AND DECREED** that:

1. The appropriate EPA official shall sign one or more final rules no later than July 30, 2021, that approves, disapproves, conditionally approves, or approves in part and disapproves in part, the remaining portion of Arizona's December 21, 2015 West Pinal $PM_{10}$ nonattainment plan SIP submission that was not previously approved on May 1, 2017.

2. EPA shall, within 20 business days of signature, send the rulemaking package for each action taken pursuant to Paragraph 1 of this Consent Decree to the Office of the Federal Register for review and publication in the *Federal Register*.

3. After EPA has completed all actions set forth in Paragraph 1 of this Consent Decree, notice of the final action or actions required by Paragraph 1 has been published in the *Federal Register*, and the issue of costs of litigation (including reasonable attorney fees) has been resolved, EPA may move to have this Decree terminated. Plaintiff shall have fourteen (14) days in which to respond to such motion, unless the parties stipulate to a longer time for Plaintiff to respond.

4. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiff and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiff and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following the motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.

5. If Arizona withdraws part or all of its December 21, 2015 West Pinal $PM_{10}$ nonattainment plan SIP submission, then EPA's obligation to take the action required by Paragraph 1 with respect to that submission or portion thereof is automatically terminated.

6. If a lapse in EPA appropriations occurs within one hundred and twenty (120)

days prior to the deadline in Paragraph 1 of this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 4.

7. Plaintiff and EPA agree that this Consent Decree constitutes a complete settlement of all claims in the Complaint.

8. In the event of a dispute between Plaintiff and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedures set forth in Paragraph 8 have been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

10. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiff will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

12. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action taken pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, conditionally approving, or approving in part and disapproving in part a SIP submission, or pursuant to CAA section 110(c), 42 U.S.C. § 7410(c), promulgating a FIP, or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15. Plaintiff reserves the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g).  After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g).  If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiff:

>Jennifer B. Anderson,
>Daniel J. Adelman
>Arizona Center for Law in the Public Interest
>514 W. Roosevelt Street
>Phoenix, AZ 85003
>Tel: (602) 258-8850
>janderson@aclpi.org
>danny@aclpi.org

      For EPA:             Sydney A. Menees
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E.
Washington D.C. 20002
Tel. (202) 514-2398
Email: sydney.menees@usdoj.gov

18. EPA and Plaintiff recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

20. The undersigned representatives of Plaintiff and EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

Dated this 1st day of March, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge